IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JAMAL A. MORTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil No. 2020-31 |
| | ) | |
| WYNNIE TESTAMARK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION AND ORDER**

Jamal Morton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). [ECF 1]. This matter is before the undersigned for an initial review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Proceedings and consideration of petitioner's motions to proceed *in forma pauperis* ("IFP") [ECFs 2, 6], as well as petitioner's "Motion for Service Upon the USVI Attorney General" [ECF 7].[1]

On May 23, 2012, petitioner was convicted in the Superior Court of the Virgin Islands of second degree murder, unauthorized use of a firearm during the commission of second degree murder, third degree assault with a deadly weapon, unauthorized use of a firearm during the commission of third degree assault, and reckless endangerment in the first degree. *See Morton v. People*, 2013 WL 5191709, at *2 (V.I. 2013). Following the Superior Court's entry of judgment, petitioner appealed. *Id.* at *1. The Supreme Court of the Virgin Islands affirmed petitioner's

---

[1] Morton also moved for the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(A). [ECF 3]. Because the Court concludes that Morton has filed this action prematurely, the motion for appointment of counsel will be denied.

*Morton v. Testamark*
Civil No. 2020-31
Page 2

convictions on September 13, 2013. *Id.* Petitioner filed a habeas petition in the Superior Court of the Virgin Islands on July 9, 2014. [ECF 1] ¶ 138.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege that he is in custody (1) pursuant to a "judgment of a State court," and (2) in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a Virgin Islands prisoner must present the Virgin Islands Supreme Court with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his federal rights have been violated.[2] If petitioner

---

[2] The United States Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned as follows: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* at 366.

raised his claims in the Virgin Islands Supreme Court, he must so specify.[3] "Exhaustion, however, is not a jurisdictional matter but a matter of comity." *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). In other words, "[f]ederal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy." *Id.*

Significantly, the United States Court of Appeals for the Third Circuit has held that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Lee*, 357 F.3d at 341 (quoting *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). Determining whether a delay is excessive requires consideration of not just how much time has passed since petitioner filed his claim with the state's highest tribunal, but also the degree of progress that has been made in that court. *Lee*, 357 F.3d at 342. In addition, the court may also consider the degree to which "the petitioner's actions contributed to the delay." *Chamberlain v. Lamas*, 2013 WL 4787349, at *4 (E.D. Pa. Sept. 9, 2013) (citing *Wojtczak*, 800 F.2d at 355)). Once such inordinate delay has been established, the burden shifts to the state to demonstrate why the petitioner should still be required to exhaust his state court remedies. *Lee*, 357 F.3d at 341 (citing *Story v. Kindt*, 26 F.3d 402, 40 (3d Cir. 1994)).

Here, Morton claims that although he filed a habeas petition in Superior Court on July 9, 2014, it remains pending: "In the close to six years that the local level habeas petition was pending Morton was not afforded an evidentiary hearing, nor has his habeas petition [been] adjudicated (i.e. it remains pending)." [ECF 1] ¶¶ 138-39. In Morton's 53-page petition, these two paragraphs contain the only information relevant to the issue of exhaustion. In these circumstances, this Court

---

[3] "The habeas petitioner carries the burden of proving exhaustion of all available state remedies." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

is in no position to determine whether the local court system lacks an appropriate remedy, or that the local process would "frustrate the use of an available remedy." *Lee*, 357 F.3d at 341. Morton provides scant information as to the progress of his petition in the local courts, or who, if anyone, is responsible for any delay. As a result, Morton has failed to demonstrate that he has exhausted his state judicial remedies.

Accordingly, it is ORDERED:

1. Petitioner's motion to proceed IFP [ECF 2] is DENIED and his motion to proceed IFP [ECF 6] is GRANTED;

2. Petitioner's "Motion for Service Upon the USVI Attorney General" [ECF 7] is DENIED; and

3. Petitioner's motion for the appointment of counsel [ECF 3] is DENIED.

Further, it is RECOMMENDED that Morton's Petition be DENIED for failure to exhaust his state court remedies.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated**: January 11, 2021                     S\_____
                                                                **RUTH MILLER**
                                                                United States Magistrate Judge