# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JAMAL MORTON, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 3:20-cv-0031 |
| WYNNIE TESTAMARK, | ) |
|       Respondent. | ) |

**APPEARANCES:**

**Joseph A Diruzzo, Esq.**
DiRuzzo & Company
Ft. Lauderdale, FL
    *For Petitioner Jamal Morton.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** is Petitioner Jamal Morton's ("Morton") Petition for a Writ of Habeas Corpus. (ECF No. 1.) Also before the Court is Petitioner's Motion to Appoint Counsel, ECF No. 3, Petitioner's "Motion for Service Upon the United States Virgin Islands Attorney General," ECF No. 7, and Petitioner's two motions to proceed *in forma pauperis*. (ECF Nos. 2 & 6.) The Magistrate Judge issued a Report and Recommendation recommending that the Court deny Morton's habeas petition for failure to exhaust his state court remedies. (ECF No. 9.) Accordingly, the Report also recommended the Court deny the motion to appoint counsel and the motion for service upon the Virgin Islands Attorney General. *See id.* Lastly, the Magistrate Judge recommended that the Court deny Morton's first motion to proceed *in forma pauperis*, ECF No. 2, but grant the second one. (ECF No. 6.) For the reasons stated below, the Court will adopt the Magistrate Judge's Report and Recommendation. Accordingly, the Court will dismiss the petition without prejudice to allow Morton the opportunity to properly exhaust his state court remedies. Additionally, the Court will deny Morton's motion to appoint counsel and the motion for service upon the Virgin Islands

Attorney General. Finally, the Court will also adopt the recommendation to deny Morton's first motion to proceed *in forma pauperis* and grant his second.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 23, 2012, Morton was found guilty in the Superior Court of the Virgin Islands on five separate counts. (ECF No. 1-105 at 128-31.) Morton was convicted pursuant to: (Count 1) second-degree murder; (Count 2) unauthorized use of a firearm during the commission of second-degree murder; (Count 3) third-degree assault with a deadly weapon; (Count 4) unauthorized use of a firearm during the commission of third-degree assault; and (Count 5) reckless endangerment in the first degree. (ECF No. 1-101.) On August 7, 2012, the Superior Court entered the Judgment of Conviction and sentenced the Petitioner to 50 years imprisonment with a mandatory minimum of 15 years.[1] (ECF No. 1-106 at 38-40.)

Approximately two months before the Superior Court entered judgment, Morton filed his notice of appeal. (ECF No. 10.) On appeal, Morton raised four claims: (1) the trial court erred in failing to exclude evidence of the shooting incident in violation of Rule 403 of the Federal Rules of Evidence; (2) the trial court violated his Sixth Amendment right to effective assistance of counsel when it appointed an inexperienced attorney to represent him; (3) the evidence against him was insufficient to convict him of any crimes; and (4) the trial court violated his Sixth Amendment right to confront witnesses against him by rejecting the defense's objections during trial. (ECF 1-101 at 4.) The Supreme Court of the Virgin Islands decided all four claims on the merits, and ultimately affirmed Morton's conviction and sentence on September 13, 2013. (ECF No. 1-101 at 15.)

Following the Virgin Islands Supreme Court's decision, Morton proceeded to file a territorial habeas petition in the Superior Court of the Virgin Islands on July 9, 2014. (ECF No. 11-1.) In his territorial habeas petition, Morton raised the following twenty claims:

1. The Sixth Amendment right to a public trial was violated when the trial court closed the courtroom doors during opening statements, closing arguments, during the jury instructions, and during *voir dire*;

---

[1] Morton was sentenced to 25 years on Count 1; 20 years on Count 2 with a mandatory minimum of 15 years; 5 years on Count 2 to run consecutively to Count 1; Count 5 to run consecutively to Counts 1 and 2; and Counts 3 and 4 being merged into Counts 1 and 2.

2. Petitioner's Fifth and Sixth Amendment rights were violated when Petitioner was not physically present while the trial court judge conducted in-chambers examinations of prospective jurors;

3. Petitioner's Fifth and Sixth Amendment rights were violated when he was denied the ability to testify on his own behalf;

4. 14 V.I.C. § 2253 violates the Second Amendment because the statute's authorization by law provision is impermissibly vague;

5. 14 V.I.C. § 2253 is facially unconstitutional as it does not set forth a mens rea requirement and does not meet the strict liability crime standard setout in *Staples v. United States*, 511 U.S. 600 (1994);

6. Petitioner's due process rights and right to effective assistance of counsel, under the Fifth and Sixth Amendment, were violated when Petitioner was not granted access to an expert witness;

7. The introduction of exhibits 46 and 47 violated the Confrontation Clause because the prosecution did not provide testimony from the scientist who created these exhibits despite the fact that these exhibits were testimonial forensic exhibits. Additionally, the introduction of exhibits 28 and 45 violated Petitioner's Sixth Amendment rights because those exhibits qualified as impermissible hearsay;

8. Petitioner's Fifth and Sixth Amendment right to present a complete defense, and to cross-examine the prosecution's witnesses, were violated in that Petitioner's trial attorneys were prevented from inquiring into the possibility that Basheem Ford was killed by another person (or persons) in retaliation for the death of Ariel Freet;

9. The petitioner was convicted on multiple counts for the same offense in violation of 14 V.I.C. § 104.

10. The Double Jeopardy Clause was violated when he was punished for multiple offenses despite only committing one act;

11. Petitioner's Fifth and Sixth Amendment rights were violated because, under count 2, Petitioner was sentenced to a mandatory minimum of 15 years base on his prior felony conviction as provided for in 14 V.I.C. § 2253(a). Petitioner claims this violated his constitutional rights because the fact was not submitted to the jury;

12. The appointment of counsel violated 5 V.I.C. § 3503;

13. Petitioner received ineffective assistance of counsel as a result of defense counsel's failure to conduct a reasonable investigation prior to sentencing;

14. Petitioner received ineffective assistance of counsel as a result of defense counsel's failure to engage in bona fide plea bargaining;

15. Petitioner received ineffective assistance of counsel as a result of defense counsel's failure to provide a proper opening statement, call witnesses, failure to request funds for a ballistic report, failure to file motions, and defense counsel's general lack of preparation for trial;

16. The current fee structure for court appointed attorneys is too low and presents an unconstitutional barrier to effective representation;

17. Petitioner received ineffective assistance of counsel because Petitioner's trial counsel failed to preserve claims 1-13 of the petition for habeas;

18. Petitioner received ineffective assistance of counsel because Petitioner's appellate counsel failed to raise and properly litigate claims 1, 2, 3, 4, and 7 on direct review before the Virgin Islands Supreme Court;

19. Petitioner received ineffective assistance of counsel because Petitioner's appellate counsel failed to preserve claims 1-13 for federal habeas review;

20. The aggregation of non-reversable errors yielded a denial of a constitutional right to a fair trial.

*See* ECF No. 1.

In addition to these twenty claims, Morton also filed a motion to proceed *in forma pauperis* in his territorial habeas proceeding. *See* ECF No. 11-1 at 10. The Superior Court granted the motion to proceed *in forma pauperis* on October 28, 2014. *Id.* at 15. Beginning in November of 2014, the parties filed a series of pending motions that the Superior Court failed to address.[2]

On November 24, 2014, Morton filed a motion to establish a briefing schedule. *See id.* at 20-22. Then, on March 15, 2015, Respondents filed a request to file an out of time response to Morton's petition for writ of habeas corpus along with the response itself. *Id.* at 54, 70.

---

[2] Although the Court notes that there were other motions filed by both parties, those motions were addressed by the parties' stipulation, and thus, the Superior Court did not need to address those motions.

Soon after, Morton filed another motion on April 7, 2015, in which Morton moved to strike Respondents' affirmative defenses. *Id.* at 82. One week later, Morton filed two more motions. In the first motion, Morton moved for a judgment on the pleadings. *Id.* at 89. In the second, Morton requested to file an overlength brief. (ECF No. 11-1 at 118.) There was no response from Respondents as to the following three motions, nor did the Superior Court address any of the pending motions. On August 11, 2015, Respondents also filed a motion to deny discovery. Therefore, by August 11, 2015, the Superior Court had the following motions pending: (1) the fully briefed petition for writ of habeas corpus; (2) the petitioner's motion to establish a briefing schedule; (3) the petitioner's motion for judgment on the pleadings; (4) the petitioner's motion to file an overlength brief; and (5) the respondents' motion to deny discovery.

After a year and no action from the Superior Court on the petition or the pending motions, Morton filed a motion for a status conference on September 13, 2016. *Id.* at 163. The Superior Court held a status conference on the pending motions on July 19, 2017. *Id.* During the status conference, the Superior Court noted the pending motions, and stated that it would "issue a writ in this case" and a scheduling order for the traverse and return. Additionally, the Court asserted that it would issue an order on the respondents' motion for discovery. *See id.* According to the record, the Superior Court took no further action in this case regarding the pending motions following the July 19, 2017 status conference. Therefore, although the Superior Court made oral pronouncements at the July 19, 2017 status conference, it appears an order was never reduced to writing. Following the status conference, neither Petitioner nor Respondents filed any subsequent motions in the territorial habeas proceeding.[3]

After nearly three years without any further action from the Superior Court in his habeas case, Morton filed a petition for a federal writ of habeas corpus in this Court on April 3, 2020. (ECF No. 1.) On January 11, 2021, the Magistrate Judge issued a Report and Recommendation on Morton's petition wherein she denied Morton's petition as well as his

---

[3] The only other activity since the status conference in the Superior Court case was a notice from Respondents indicating a substitution of counsel. (ECF No. 11-1 at 165.)

request to proceed *in forma pauperis*. (ECF No. 9.) The Magistrate Judge concluded that although the Superior Court had not adjudicated the merits of Morton's habeas petition, nor had the Court provided an evidentiary hearing in the six years since he filed his collateral claim, Morton failed to demonstrate that he had exhausted his state judicial remedies. *See id*. at 4. Relying on what the Magistrate Judge perceived to be a "scant information" available regarding the progress of the petition, the Magistrate Judge concluded "this Court is in no position to determine whether the local court system lacks an appropriate remedy, or that the local process would frustrate the use of an available remedy." *Id.*

On the same day that the Magistrate Judge issued the Report and Recommendation, Morton filed an objection to the Magistrate Judge's findings. (ECF No. 12.) In addition, Morton also provided a file of the collateral proceedings that had taken place in the Superior Court as of January 11, 2021. (ECF Nos. 10, 11.) The record indicated that the Superior Court had taken no action in the case since July 19, 2017. As it currently stands, Morton's petition has been pending in the Superior Court for eight years, and no action has been taken in Morton's case for over five years. (ECF No. 14.)

## II. LEGAL STANDARD

### a. Standard of Review

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C),[4] the 14-day time-period within which a party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F.

---

[4] Under Fed. R. Civ. P. 5(b)(2)(C) a "paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing."

App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). When a magistrate judge issues a report and recommendation, the Court is required to review de novo any portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3).

When reviewing de novo, the district court affords no deference or presumption of correctness as to the findings and recommendations of the magistrate judge. Instead, when conducting de novo review, the district court "makes its own determinations of disputed issues" and exercises its own independent judgment as to matters of law and mixed questions. *See Branch v. Martin*, 886 F.2d 1043, 1046 (1989); *see also Williams v. Taylor*, 529 U.S. 362, 400 (2000) (O'Connor, J., concurring) (de novo review requires the court to "exercise its independent judgment").

### b. Federal Habeas Corpus Exhaustion Requirement

Under 28 U.S.C § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

However, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium)). The statutory exhaustion requirement is premised on the well-established principle of comity "which ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing *Caswell v. Ryan*, 953 F.2d 853, 857 (3d Cir. 1992)).

Under the exhaustion doctrine, not only must every claim the petitioner seeks to present to a federal court for habeas review merely be submitted to every available state court at least once, but each claim generally must also be "fairly presented" to the state courts in order to properly exhaust state court remedies. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d

Cir. 2000); *see also Rose v. Lundy*, 455 U.S. 509, 515 (1989) ("state remedies must be exhausted except in unusual circumstances"). To fairly present a claim, the petitioner must have "presented a federal claim's factual and legal substance to the state courts in a manner that put [the state courts] on notice that a federal claim [was] being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Duncan*, 513 U.S. at 365-66 (at a minimum, the prisoner must make clear to the state court that the claim is federal in nature).

While the petitioner must give the state courts a fair opportunity to hear each claim before submitting the claim for federal habeas review, the petitioner need only "give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, if the petitioner has fairly presented the claim on direct review to the state's highest court, he need not invoke state collateral proceedings as to those claims for such claims to be deemed exhausted. *See Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992) (citing *Swanger*, 750 F.2d at 295.)). The petitioner must only invoke state post-conviction remedies such as state habeas, for claims petitioner did not, or could not, raise at trial or on direct appeal. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989).

While a petitioner need not seek additional collateral review for claims properly raised on direct appeal, the Court may not review a mixed habeas petition that includes both exhausted and unexhausted claims. *See Lundy*, 455 U.S. at 510 ("we hold that a district court must dismiss such 'mixed petitions,'"); *Lambert v. Blackwell*, 134 F.3d 506, 514 (3d Cir. 1997). In such instances, the Court may either (1) dismiss the petition with prejudice "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court;" or (2) "in limited circumstances, it can stay the mixed application and hold the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted remedies." *Lundy*, 455 U.S. at 510; *Swan v Coupe*, 967 F. Supp. 2d 1008, 1011 (D. Del. 2013) (citing *Urcinoli v. Cathel*, 546 F.3d 269, 274 (3d Cir. 2008)).

Court should generally dismiss mixed petitions without prejudice as a matter of course and should only stay a mixed petition if petitioner faces a substantial risk of statute of limitation problems, and the petitioner can demonstrate "(1) he had good cause for failing to exhaust all of his claims; (2) his unexhausted claims are not plainly meritless; and (3) he has not engaged in intentionally dilatory litigation tactics." *Coupe*, 967 F. Supp. 2d at 1011 (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005)). Therefore, the stay and abeyance option is an inappropriate remedy when all the petitioner's claims are currently tolling as a result of pending state court proceedings under 28 U.S.C. § 2244(D)(2).

### c. Excusing State Exhaustion Requirement.

Although unexhausted claims will usually be dismissed by the federal court without prejudice to allow the petitioner to properly exhaust their claims, "[f]ederal courts need not defer to the state judicial process when there is no appropriate remedy at the state level or when the state process would frustrate the use of an available remedy." *Lee v. Stickman*, 357 F.3d 338, 341 (2004). The Third Circuit has determined that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986). When examining whether delay is excessive, the Court is expected to consider (1) the length of the delay; (2) the "the degree of progress made in the state court;" and (3) the degree to which the petitioner's actions contributed to the delay. *Lee*, 357 F.3d at 342; *see Wojtczak*, 800 F.2d at 355-56 (noting that if the delay was attributable to petitioner changing attorneys' multiple times, then the delay would be excused).

If the Court finds that the petitioner has demonstrated inordinate delay by the state, the exhaustion requirement is not automatically excused; however, such delay "does shift the burden to the state to demonstrate why exhaustion should still be required—a burden that is difficult to meet." *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994) *restated in Lee*, 357 F.3d at 341. If the Court finds that the state's explanation for the delay is insufficient, the Court may deem the state court remedies effectively exhausted and review the petitioner properly presented federal habeas claims on the merits.

### III. DISCUSSION

*United States v. Morton*
Case No. 3:20-cv-0031
Memorandum Opinion
Page 10 of 17

### a. Standard of Review

The Court must first consider the appropriate standard of review in this matter. As previously noted, a district court judge must review de novo all timely filed specific objections to a magistrate judge's report and recommendations. In this case, Morton filed his objections the same day the Report and Recommendation was issued. (ECF No. 12.) As such, the objections are timely. Moreover, Morton specifically addressed the Magistrate Judge's concern that his claims had not been sufficiently exhausted in the territorial courts and why appointment of counsel is necessary for his federal habeas claim. *See id.* at 3-4. Therefore, the Court is required to conduct de novo review as to both of these legal issues.

### b. Exhaustion Requirement

In this case, Morton acknowledges that his federal habeas claims have not been fully exhausted in the territorial court. (ECF No. 1 at 19-20.) Arguably only Claim 15 of Morton's habeas petition was properly raised on direct appeal to the Virgin Island Supreme Court.[5] The remaining claims were first raised in Morton's territorial habeas petition and thus have not been exhausted as the Superior Court has not yet adjudicated the merits of those claims. *Id.* Although failure to exhaust each claim in a habeas petition is almost always a procedural bar to federal habeas review, Morton argues in his objection to the Magistrate Judge's Report and Recommendation that the exhaustion doctrine cannot be imposed on his petition. *See* ECF No. 12. Morton asserts that because exhaustion is matter of comity, as opposed to a jurisdictional requirement, he does not need to plead exhaustion to receive federal habeas relief. *See id* at 6. Therefore, since the respondents did not raise the issue of exhaustion, Morton seems to believe that the Court cannot use exhaustion as a procedural bar to federal habeas review. However, Morton fundamentally misunderstands the purpose of the doctrine of comity and the extensive line of precedent that directly contradicts his assertion.

---

[5] Claim 15 appears to have been properly raised as it appears the claim was factually and legally similar enough to the territorial claim so as to put the territorial courts on notice that the claim was being asserted. *See McCandless*, 172 F.3d at 261. Although claim 8 appears to have been raised on direct appeal, Morton concedes that the claim was not properly preserved at the trial level. (ECF No. 1 at 47-51.) As such, the claim was not properly presented to every state court on direct review and thus has not yet been properly exhausted. *See Swanger v. Zimmermann,* 750 F.2d 291, 295 (3d Cir. 1984) ("A claim is not deemed exhausted if it is raised for the first time in the state's highest court on discretionary review") (citing *Castille*, 489 U.S. at 350-51).

The exhaustion doctrine "'is principally designed to protect the state courts' role in the enforcement of federal law.'" *Duncan v. Walker*, 533 U.S. 167, 179 (2001) (quoting *Lundy*, 455 U.S. at 518). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. Because raising procedural habeas issues furthers the interest of comity and federalism, it is well established that exhaustion may be raised by the federal courts sua sponte.[6] *See Grandberry v. Greer*, 481 U.S. 129, 134-35 (1987) (holding that when the state fails to raise a meritorious nonexhaustion defense, the federal court may insist on exhaustion before reviewing the merits of the petitioner's claim); *Smith v. Horn,* 120 F.3d 400, 408 (3d Cir. 1997) (District court may raise nonexhaustion sua sponte); *Sweger v. Chesney*, 294 F.3d 506, 519 (3d Cir. 2002); *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004) ("It is now widely recognized that judges have discretion to raise procedural issues in habeas cases."); *Szuchon v. Lehman*, 273 F.3d 299, 322 (3d Cir. 2001) (raising exhaustion sua sponte deemed appropriate); *see also Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) ("Every circuit to consider the issue holds that a habeas court has discretion to raise procedural default sua sponte to further the interests of comity, federalism, and judicial efficiency."). Thus, even though exhaustion is not a pleadings requirement, and the respondents failed to raise exhaustion as an affirmative defense, the Court is not prohibited from analyzing the issue.

Because the doctrine of exhaustion may be raised sua sponte, the exhaustion requirement must first be satisfied before this Court can evaluate Morton's federal habeas petition. *See Sweger*, 294 F.3d at 519 (the exhaustion doctrine "must be satisfied before a federal court may consider the merits of a petition") (internal citations omitted). Consequently, the Court is required to consider the fact that Morton has submitted a mixed petition that must be dismissed without prejudice unless he can demonstrate that his

---

[6] The failure to exhaust state remedies, procedural bars, non-retroactivity, or statute of limitations are all treated as procedural habeas issues under habeas Rule 5. *See Long*, 393 F.3d at 404 ("AEDPA's statute of limitations advances the same concerns as those advanced by the doctrines of exhaustion and procedural default, and must be treated the same.") (citations omitted).

unexhausted claims have suffered from inordinate delay rendering the exhaustion requirement excused. *See Lee*, 357 F.3d at 341 (court may only review unexhausted claim if the federal court finds that an inordinate delay in state court proceedings deems the "state remedy effectively unavailable").

Morton's state habeas petition has been pending in the Superior Court for over eight years without any substantive adjudication on the matter. (ECF No. 14.) Previously, the Third Circuit has deemed such time more than sufficient to constitute inordinate delay, particularly when there has been no progress made in the state court proceeding as is the case here. *See Wojtczak,* 800 F.2d at 354 (33 month delay was sufficient to deem state court remedies exhausted when no hearings had yet been held); *Coss v. Lackawanna County Dist. Att'y*, 204 F.3d 453, 460 (3d Cir. 2000) (en banc) (seven year delay), *rev'd on other grounds,* 532 U.S. 394 (2001); *Burkett v. Cunningham*, 826 F.2d 1208, 1217 (3d Cir. 1987) (finding 5 and one-half years sufficient to deem state remedies exhausted); *abrogated on other grounds* by *Betterman v. Montana*, 578 U.S. 437 (2016); *United States ex rel. Senk v. Brierley*, 471 F.2d 657, 660 (3d Cir. 1973) (three year delay in deciding PCHA petition); *see also United States ex rel. Geisler v. Walters*, 510 F.2d 887, 893 (3d Cir. 1975) (noting three years and four months to decide motion was inordinate delay sufficient to excuse the exhaustion requirement).

Nevertheless, the Third Circuit along with other federal courts have established that before a court may deem state remedies exhausted, the court must find that the petitioner has not contributed to the delay. *See Wojtczak*, 800 F.2d at 355-56; *United States ex rel. Cash v. Brierley*, 412 F.2d 296, 297 (3d Cir. 1969); *Deters v. Collins*, 985 F.2d 789, 796 (5th Cir. 1993) ("courts are to excuse noncompliance with the exhaustion doctrine only if the inordinate delay is wholly and completely the fault of the state"); *Barksdale v. Crouse*, 360 F.2d 34, 35 (10th Cir. 1966); *Singleton v. Wynder*, 485 F. Supp. 2d 602, 606 (E.D. Pa. 2007); *Parker v. Dematteis*, No. CV 18-612-LPS, 2021 WL 3709733, at *4 (D. Del. Aug. 20, 2021).

The courts have adopted a broad understanding of what constitutes contributing to the delay. Not only have affirmative acts such as changing attorneys or filing numerous

complex motions been sufficient to deny a request to excuse exhaustion,[7] inadequate efforts by the petitioner to move the case along have also served as a basis to deem claims unexhausted even after substantial delay. *See Lee*, 357 F.3d at 342 (exhaustion requirement excused in part because petitioner "ha[d] done all that can reasonably be expected to pursue his claim in state court" given that petitioner had filed several petitions and motions for relief after no action was taken in his case.) *Cf. Crouse*, 360 F.2d at 35 ("It is plain from the record that the delay in hearing the appeal has been due to the lack of diligence on the part of appellant's retained counsel." Therefore, "we are in complete agreement with the able trial judge in that 'it does not appear that petitioner has exhausted the remedies available'" in the state court.); *Deters*, 985 F.2d at 796 (denying the request to excuse exhaustion, in part, because petitioner failed to file a writ of mandamus in the state appellate court in order to move the case along).

In this instance, while the Superior Court's delay is certainly disconcerting, Morton failed to take the steps necessary, following the July 19, 2017 status conference, to adequately pursue his claims in the territorial courts. Morton did not seek to enforce the oral order made at the July 19th status conference, nor did he make any additional filings with the Superior Court prior to filing his federal habeas petition in April of 2020.[8] More importantly, Morton also failed to file a writ of mandamus with the Supreme Court of the Virgin Islands. As this Court has previously stated, the appropriate procedure to address an alleged or perceived delay in relation to a habeas petition in the territorial court is not to immediately file in federal court, but rather to file a writ of mandamus with the Supreme Court of the Virgin Islands. *See Gillette v. Mullgrav*, No. 1:17-CV-00004, 2018 WL 3685503 at *4 (D.V.I. Feb. 2, 2018) ("Filing a successive habeas petition in federal court is not the

---

[7] *See Wynder*, 485 F. Supp. 2d at 606 (no finding of inordinate delay when part of the delay was attributable to petitioner making multiple motions for continuances and then subsequently seeking to represent himself pro se); *Singleton*, 485 F. Supp. 2d at 607.

[8] Virgin Islands Habeas Corpus Rule 2 expressly notes the procedure if time for initial action by the Superior Court is not met. *See* V.I.H.C.R. 2 ("If the court fails to rule on the petition within 60 days of its filing as provided in subpart (a)(8), the petitioner may file a dated notice and request for ruling that includes a declaration stating the date the petition was filed and indicating that the petitioner has not received a ruling on the petition. A copy of the original petition must be attached to the notice and request for ruling. If the notice is complete and the court has failed to rule – and has made no other scheduling directions – the clerk shall notify the Presiding Judge of the Superior Court of the Virgin Islands and a copy of such notice shall be sent to the parties.").

appropriate procedure to address an alleged or perceived delay in relation to a habeas petition in another court. Counsel for Petitioner properly addressed the issue by filing a writ of mandamus with the Supreme Court of the Virgin Islands on June 15, 2015.")

Given that the Supreme Court has historically issued writs of mandamus ordering that outstanding habeas corpus petitions be adjudicated, it would certainly not be futile to seek such relief before requesting the federal court to deem state court remedies exhausted. *See In re Gillette*, 64 V.I. 440, 441 (2016) (nearly year and half delay was sufficient to issue a writ of mandamus regarding pending habeas petition); *In re Elliot*, 54 V.I. 423, 431-32 (2010) (eighteen-month delay justified issuing a writ of mandamus ordering the superior court to adjudicate petitioner's pending habeas petition). In light of Petitioner's failure to diligently pursue his claims in the territorial court, and in particular, failing to file a writ of mandamus with the Virgin Islands Supreme Court, the Court finds that Petitioner contributed to the delay. As such, it would be inappropriate at this time for the Court to take the extraordinary step of deeming state court remedies exhausted. *See Lundy*, 455 U.S. at 515; *Moore v. DeYoung*, 515 F.2d 437, 446 (3d Cir. 1975) ("extraordinary circumstances" must exist to permit "federal intervention prior to exhaustion of state court remedies").

Since not all of Morton's claims have been fully exhausted in the territorial courts, the Court will dismiss the petition without prejudice.[9] In this instance, there is no benefit to the petitioner in ordering a stay and abeyance given that the statute of limitation for both Morton's exhausted and unexhausted claims are currently being tolled under § 2244(D)(2).[10] Thus, the Court will dismiss the petition without prejudice to allow Morton to

---

[9] When a petitioner submits a mixed habeas petition, the Court may only dismiss without prejudice or stay and abate the case unless the claims are meritless. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Mallory v. Bickell*, 563 Fed App'x 212, 215 (3d Cir. 2014) ("Faced with a mixed petition, a district court has four options: (1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow Mallory to delete his unexhausted claims; and (4) deny the petition if it found all of Mallory's unexhausted claims to be meritless under § 2254(b)(2).") (citing *Rhines*, 544 U.S. at 274–78). The Magistrate Judge found that the claims were not fully exhausted, and therefore, did not reach the merits of the claim. (ECF No. 9.) Thus, the Court must dismiss the petition without prejudice.

[10] Morton filed the same claims in his territorial habeas petition as his federal habeas petition. Therefore, since section 2244(D)(2) tolls "the time during which a properly filed application for State post-conviction or other

either fully exhaust his claims, or amend his petition and delete the claims that have not yet been exhausted in the territorial courts.

### c. Appointment of Counsel

In Morton's objection, he also challenges the Magistrate Judge's recommendation to deny his motion for appointment of counsel in this matter. (ECF No. 12.) Morton argues that such a decision would be "premature," "clearly erroneous" or "contrary to law." *Id.* Because Morton timely raised this objection, the Court reviews the issue de novo.

Under 28 U.S.C. § 1915, the district court has the authority to appoint counsel to represent an indigent litigant in a civil case. However, "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also McDonald v. State of New Jersey Attorney General*, Civ. No. 16-2246, 2016 WL 6208259, at *3 (D.N.J. Oct. 24, 2016) ("Petitioner does not have a right to counsel in habeas proceedings."). The decision of whether to appoint counsel is a particular matter is subject to the district court's discretion. *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) ("appointment of counsel is discretionary"); *Montgomery*, 294 F.3d at 498 ("This Court has interpreted § 1915 as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate.") (quoting *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993)).

Although appointment of counsel is subject to the discretion of the Court, the Third Circuit has recognized that as a threshold matter, the Court should first consider whether the claims have "'some arguable merit in fact and law.'" *Montgomery*, 294 F.3d at 499 (quoting *Parham*, 126 F.3d at 467) (citing *Tabron*, 6 F.3d at 155). If the court finds the claims do not have some arguable merit, the court need not proceed further and may dismiss the motion to appoint counsel. *Id.*

Given that the Court has dismissed Morton's federal habeas petition, he has no need for the appointment of counsel in this proceeding. *See McDonald*, 2016 WL 6208259, at *3 ("appointment of counsel not warranted" because petitioner's habeas petition was

---

collateral review," none of Morton's federal claims are at risk by dismissing his federal habeas petition without prejudice.

dismissed); *Tabron*, 6 F.3d at 155; *Turner v. Abingoton/Jefferson Hospital*, No. 21-565-KSM, 2021 WL 1339995, at *7 (E.D. Pa. Apr. 9, 2021) (denying motion to appoint counsel when court has dismissed the claim). Therefore, the Court finds, in its discretion, it is appropriate to deny Morton's motion for appointment of counsel.

### d. Other Motions

The Court also finds it appropriate to deny Morton's motion for service of the petition upon the U.S. Virgin Islands Attorney General. (ECF No. 7.) Since the Court has dismissed Morton's federal habeas petition, it would be superfluous to grant Morton's motion to serve the Attorney General of the Virgin Islands. As such, it will adopt the Magistrate Judge's recommendation to deny that motion as well.

As for the two identical motions to proceed *in forma pauperis*, the Court will only grant one. Accordingly, the Court adopts the recommendation of the Magistrate Judge to deny the first motion, ECF No. 2, and grant the second. (ECF No. 6.)

### IV. CONCLUSION

Although the Court acknowledges that there has been an excessive delay in the territorial court proceedings, the Court finds that Petitioner's failure to pursue his territorial court claims for three years contributed to the delay. Since Petitioner has yet to seek a writ of mandamus from the Virgin Islands Supreme Court, the Court believes that there are still territorial court remedies available. In such situations, the matter must run its course before it can be reviewed by a federal court. Therefore, the Court finds that it would be inappropriate to deem territorial court remedies exhausted, and thus, will dismiss Petitioner's federal habeas petition without prejudice to allow Petitioner to exhaust his claims. Because Petitioner's federal habeas petition is dismissed, the Court will also deny Defendant's motions to appoint counsel and the motion for service upon the Virgin Islands Attorney General.[11] Finally, the Court will grant Morton's second motion to proceed *in forma pauperis* in this matter.

An appropriate Order follows.

---

[11] Given that the Court has dismissed Morton's claim, the need for counsel and the need to serve the petition on the Attorney General of the Virgin Islands is unnecessary.

*United States v. Morton*
Case No. 3:20-cv-0031
Memorandum Opinion
Page 17 of 17

**Dated:** December 14, 2022  /s/  *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**